IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES D           URT
DENVER, C

Civil Action No. 07-cv-00039-BNB

JAN 2 6 2007

VERNON JAGO,

GREC.J...    .    :  ;M
.....?K

Applicant,

v.

JOSEPH ORTIZ, Executive Director of the Dept. of Corrections,

Respondent.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Vernon Jago, is a prisoner in the custody of the Colorado Department

of Corrections (DOC) at the Crowley County Correctional Facility in Olney Springs,

Colorado.  Mr. Jago has filed *pro se* an application for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241.  The court must construe the application liberally because Mr.

Jago is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not

be the *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, Mr. Jago will be ordered to file an amended application.

The court has reviewed the application filed in this action and finds that the

application is deficient.  The application is difficult to understand and Mr. Jago fails to

set forth, clearly and concisely, the three claims for relief he is asserting.  In addition, if

the court correctly understands the claims Mr. Jago is asserting, his first two claims are

not habeas corpus claims.  "The essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

In his first claim Mr. Jago alleges that the DOC has failed to comply with state statutes regarding treatment for sex offenders. In his second claim he alleges that he was expelled from the sex offender treatment program without adequate due process. These two claims, which challenge the conditions of Mr. Jago's confinement rather than the execution of his sentence, may not be raised in this habeas corpus action. Mr. Jago may not avoid the $350.00 filing fee for a civil action by raising his conditions of confinement claims in a habeas corpus action. Therefore, if Mr. Jago wishes to pursue any claims challenging the conditions of his confinement, he will be directed to commence a separate civil action in which to raise those claims.

It appears that Mr. Jago's third claim for relief appropriately may be raised in a habeas corpus action pursuant to § 2241 because he alleges in that claim that he has been denied parole three times. However, the third claim remains deficient because Mr. Jago fails to allege, clearly and concisely, when he was denied parole or why he believes that his constitutional rights were violated as a result of the denials of parole.

For these reasons, Mr. Jago will be ordered to file an amended application. In order to pursue his habeas corpus claims in this action, Mr. Jago must allege for each asserted claim, clearly and concisely, which of his constitutional rights have been

2

violated and how that right has been violated.  Accordingly, it is

ORDERED that Mr. Jago file **within thirty (30) days from the date of this order** an amended application that complies with this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Jago, together with a copy of this order, two copies of the following forms: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that, if Mr. Jago fails within the time allowed to file an amended application that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED January 26, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-00039-BNB

Vernon Jago
Reg. No. 112474
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700


    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on_____*1-29-07*_____

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk